IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AARON FLETCHER, TAMMY FLETCHER, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 4:20-cv-00030-RK |
| v. | )<br>) |
| (1) CITY OF SUGAR CREEK, MISSOURI; | )<br>)<br>) |
| (2) MIKE LARSON, MAYOR, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| (3) PAUL LOVING, BUILDING OFFICIAL, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| (4) DOUG PRIER, CODE ENFORCEMENT OFFICER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>)<br>) |
| (5) ED LAYTON, PUBLIC WORKS DIRECTOR, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| (6) NATE RICHARDSON, FIRE CHIEF, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| (7) CHRIS SOULE, CHIEF OF POLICE, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| (8) AARON STONE, SERGEANT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; AND | )<br>)<br>)<br>) |
| (9) TOM BUTKOVITCH, DETECTIVE, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; | )<br>)<br>)<br>) |
| Defendants. | ) |

# ORDER

This is a civil rights action brought by Plaintiffs, Aaron and Tammy Fletcher, against various Defendants pursuant to 42 U.S.C. §§ 1981 and 1983. Before the Court is Defendants' motion to stay this civil action pending the outcome of Plaintiff Aaron Fletcher's outstanding criminal charges in the Circuit Court of Jackson County, Missouri. (Doc. 41.) The motion is fully briefed. (Docs. 46, 47.)

Plaintiffs assert various claims against Defendants under § 1983: Count One – excessive force; Count Two – failure to supervise and train; Count Three – unlawful retaliation under the First Amendment; Count Seven – a *Monell* claim based on excessive force and failure to train, supervise, and intervene; and Counts Eight and Nine – deprivation of property without due process. In addition, Plaintiffs assert claims for race discrimination and conspiracy under §§ 1981 and 1983 (Counts Four and Five). Finally, the first amended complaint also includes a common law battery claim (Count Six). (*See generally* Doc. 34.) Defendants now seek a stay of this civil action pending the outcome of various criminal charges against Mr. Fletcher for violations of city ordinances, including for driving while revoked or suspended, resisting arrest, failing to obey a lawful order, and eluding a police officer. (Doc. 42 at 2.) In their motion to stay, Defendants state Mr. Fletcher's criminal case is scheduled for trial on May 6, 2023. (*Id.*)[1]

In their motion to stay, Defendants state: "Plaintiff's civil action should be stayed pending the outcome of his criminal case. If [Mr. Fletcher] is ultimately convicted, and if this federal lawsuit would impugn that conviction, dismissal is required. *See Heck v. Humphrey*, 512 U.S. 477, 490 (1994)." (Doc. 41 at 2.) Similarly, in their suggestions in support, Defendants urge the Court to stay the instant civil case pending resolution of Mr. Fletcher's criminal charges, citing *Heck*, along with *Wallace v. Kato*, 549 U.S. 384 (2007).[2] (Doc. 42 at 2.) Defendants argue a stay

---

[1] *See also City of Sugar Creek v. Fletcher*, Nos. 1916-CR04317-01 (driving while revoked or suspended), 1916-CR04318-01 (resisting arrest), 1916-CR04319-01 (failure to obey lawful order), 1916-CR04321-01 (eluding a police officer). The Court takes judicial notice of these publicly available case records. In their motion to stay, Defendants state that Mr. Fletcher was initially convicted of these offenses in the Sugar Creek Municipal Court on July 9, 2019. More recently, however, Defendants also state Mr. Fletcher sought trial de novo in the Circuit Court of Jackson Count, Missouri, as permitted under state law. (Doc. 41 at ¶ 3.) *See also* Mo. Rev. Stat. § 479.200 (authorizing trial de novo in a case tried before a municipal judge).

[2] Defendants also cite *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990) in support of their motion to stay. In *Malady*, the Eighth Circuit affirmed the district court's dismissal of a plaintiff's § 1983 action for arrest without probable cause applying the "common-law rule" that a plaintiff cannot recover damages for a claim that an arrest was made without probable cause if the plaintiff was subsequently convicted of a

is appropriate in this civil case because Mr. Fletcher's criminal case "very likely involves the same issues and parties/witnesses as those that would be necessary in this civil lawsuit." (Doc. 42 at 2.)

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Aldridge v. City of St. Louis, Mo.*, No. 4:18-CV-1677 CAS, 2020 WL 223928, at *3 (E.D. Mo. Jan. 15, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Staying a civil case pending resolution of a related criminal prosecution is an "extraordinary remedy," and in exercising the discretionary authority to do so, the Court must "assess and balance the nature and substantiality of the injustices claimed on either side." *Id.* (cleaned up). In the Eighth Circuit, federal courts generally consider: (1) the plaintiffs' interest in resolving in whole or in part the instant litigation and the potential prejudice to plaintiffs of a delay; (2) the burden of the proceedings imposed on the defendant; (3) the court's responsibility to manage its cases and ensure efficient use of judicial resources; (4) the interests of non-parties to the civil litigation; and (5) the public's interest in the pending civil and criminal litigation. *Id.* at *4; *see White v. Feaman*, No. 4:18-CV-00518-NCC, 2018 WL 5831261, at *2 (E.D. Mo. Nov. 7, 2018).

In *Wallace*, upon which Defendants heavily rely, the Supreme Court recognized a court's general authority to stay a civil rights false-arrest claim pending resolution of a related criminal case underlying the civil-rights-plaintiff's arrest:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended.

549 U.S. at 393-94 (citations omitted). The *Wallace* Court reasoned a stay could be appropriate where a favorable judgment would necessarily impugn any resulting criminal conviction. *Id.* at 394 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994)). In *Heck*, the Supreme Court had held: "[I]f a state criminal defendant brings a federal civil rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state court proceedings." 512 U.S. at 487 n.8 (citing *Colorado River Water Conservation*

---

criminal offense underlying that arrest. 902 F.2d at 11-12. *Malady* is easily distinguishable here, though, because Plaintiffs do not assert a claim Mr. Fletcher was arrested without probable cause for which this "common-law rule" could attach. Defendants have cited no authority, and the Court is not aware of any, extending the common-law rule recognized in *Malady* to the kinds of constitutional claims Plaintiffs assert in this case.

3

*Dist. v. United States*, 424 U.S. 800 (1976)).[3] Under these circumstances, the *Wallace* majority recognized "it is within the power of the district court" to stay the civil action pending resolution of the underlying criminal prosecution.

First, neither *Heck* nor *Colorado River* supports Defendants' motion to stay. Although the motion to stay specifically cites *Heck*, Defendants appear to concede in their reply that none of the claims raised in this civil rights action would actually be barred under *Heck* should Mr. Fletcher ultimately be convicted in the referenced criminal proceedings. The Court agrees.

As Plaintiffs argue in their suggestions in response, the first amended complaint does not include a claim Mr. Fletcher was arrested without probable cause in violation of § 1983. Rather, Plaintiffs assert a constitutional claim for excessive force and related claims under *Monell* and for failing to supervise. It is well established that a constitutional claim for excessive force is not barred under *Heck* by a subsequent criminal conviction regarding the same arrest. *See Colbert v. City of Monticello*, 775 F.3d 1006, 1007-08 (8th Cir. 2014) (reversing district court's dismissal of § 1983 claim alleging unreasonable seizure and excessive force under *Heck*, reasoning "[a] finding that [the police officer] used excessive force would not necessarily imply the invalidity of [plaintiff's] convictions" for disorderly conduct and refusal to submit to arrest) (collecting cases finding a claim of excessive force not barred by *Heck*). And while the first amended complaint does allege facts surrounding Mr. Fletcher's arrest and the specific circumstances giving rise to his arrest in their conspiracy and discrimination claims, Defendants do not otherwise argue any other claim for relief in the first amended complaint would necessarily be barred under *Heck* should Mr. Fletcher be convicted in the referenced criminal proceedings. Thus, it does not appear any claim in this civil action is at risk of becoming barred under *Heck* should Mr. Fletcher be convicted; one of the primary concerns underlying the recognition of a court's power to stay a civil rights case in *Wallace*.

Neither does it appear abstention under the *Colorado River* doctrine is appropriate in this case. As the Eighth Circuit has explained, the *Colorado River* abstention doctrine applies only when "a substantial similarity" exists between parallel state and federal action such that "there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the

---

[3] In addition to *Heck*, the *Wallace* Court also recognized the federal abstention doctrine more generally, citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31 (1996) (discussing federal abstention doctrine).

federal court." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citations omitted). Defendants do not argue the underlying criminal proceedings would "fully dispose" of any claims in the instant civil lawsuit. Thus, the *Colorado River* abstention doctrine does not appear to apply to this case, and it does not provide a persuasive basis for the Court to exercise its discretionary authority to stay the current civil rights action pending resolution of Mr. Fletcher's criminal proceedings.

At most, Defendants argue that were Mr. Fletcher convicted of resisting arrest or eluding a police officer, such conviction would "impact" the analysis of the § 1983 excessive force claim. Ultimately, the inquiry in any constitutional excessive force claim is whether the "use of force . . . is objectively unreasonable in light of the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Hollingsworth v. City of St. Ann*, 800 F.3d 985, 989 (8th Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In *Graham v. Connor*, the Supreme Court explained, in applying this reasonableness test, courts should pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade arrest by flight." 490 U.S. at 396. Should Mr. Fletcher be convicted of resisting arrest and/or eluding a police officer, he[4] could conceivably be collaterally estopped from re-litigating any such facts attendant to those convictions in pursuing his § 1983 claim for excessive force in the instant lawsuit. *See Daniels v. Terrell*, 783 F. Supp. 1211, 1212-13 (E.D. Mo. 1992) (because § 1983 plaintiff was convicted of first-degree assault and armed criminal action, he could not re-litigate the "fact that plaintiff shot at Trooper Terrell and initiated the criminal assault" in the context of his § 1983 excessive force claim).[5]

---

[4] Generally, collateral estoppel "bars the same parties from relitigating issues which have been previously adjudicated." *Brown v. St. Louis Police Dep't*, 691 F.2d 393, 395 (8th Cir. 1982) (citation omitted). Collateral estoppel may equally apply to a party "in privity with a party to the prior adjudication," although privity requires more than merely having an "interest[] in the same question, or in proving or disproving the same state of facts," but requires "an identity of interests in the subject matter of the litigation." *Duncan v. Clements*, 744 F.2d 48, 51 & 52 (8th Cir. 1984) (citations and internal quotation marks omitted). Even if Mr. Fletcher could be collaterally estopped, it is not clear Ms. Fletcher would be.

[5] In their motion to stay, Defendants appear to broadly claim that upon criminal conviction, Mr. Fletcher "may be collaterally estopped from making constitutional claims," wholesale. The Court finds this argument unsupported by the caselaw and unpersuasive. (Doc. 47 at 4.)

In support of this expansive argument, Defendants cite *Grant v. Farnsworth*, 869 F.2d 1149 (8th Cir. 1989) and *Allen v. McCurry*, 449 U.S. 90 (1980). In *Allen*, however, the Supreme Court held only that

5

Ultimately, in weighing and fully considering the stay factors identified above, the Court does not find the "extraordinary remedy" of a stay in the instant civil case is warranted here, whether under *Wallace* or otherwise. Resolution of Mr. Fletcher's criminal charges, particularly should he be convicted, would not resolve or bar any of the specific constitutional or statutory claims asserted against Defendants in this lawsuit. At most, as Defendants argue, if this case were stayed and Mr. Fletcher ultimately convicted of a particular criminal offense, he may be collaterally estopped in the context of his excessive force claim from arguing facts that he was not resisting arrest or eluding a police officer. Such issue preclusion would not be dispositive of the entire claims, and without a stay (or should Mr. Fletcher not be found guilty on one or both of the specific charges identified by Defendants in their motion to stay if a stay were granted) this case would not meaningfully differ in scope or magnitude from any other § 1983 civil rights action invoking similar claims.

Moreover, the Court finds Plaintiffs' interest in a resolution of the civil case pending almost two-and-a-half years and still in the pre-discovery phase[6] (particularly Ms. Fletcher's interest) is outweighs the injustices claimed by Defendants, particularly the potential for collateral estoppel to change the contours of Mr. Fletcher's arguments as to the constitutional excessive force claim; that the case does not appear to be at risk of becoming *Heck*-barred and where abstention under the *Colorado River* doctrine is not appropriate in this case; that the burden of the proceedings imposed on the Defendants appears no more onerous than any other § 1983 action even considering

---

the doctrine of collateral estoppel may apply as a general matter within a § 1983 civil rights lawsuit. 449 U.S. at 105 n.25 (holding the court of appeals erred in finding collateral estoppel did not apply to a plaintiff's § 1983 lawsuit but recognizing "[w]e need not decide *how* the body of collateral estoppel-doctrine . . . should apply in this case"). Moreover, in *Grant*, the Eighth Circuit held a § 1983 plaintiff was collaterally estopped from "retry[ing] the validity of his arrest, for a crime of which he was convicted in state court" as to his § 1983 claim that officers interfered with his First Amendment rights by wrongfully arresting him at a parade. 869 F.2d at 1151. As noted above, should Mr. Fletcher be convicted of resisting arrest and/or eluding a police officer, the collateral estoppel doctrine could apply to prevent Mr. Fletcher (although perhaps not Ms. Fletcher) from re-litigating certain facts in the context of this civil rights lawsuit. Even if it did apply in the instant case, collateral estoppel would not entirely bar Mr. Fletcher's constitutional excessive force claim. *See Abrahamsen v. St. Charles Cnty.*, No. 4:99CV0634 CEJ, 2000 WL 1474116, at *3 (E.D. Mo. Sept. 26, 2000) (declining to find a § 1983 plaintiff collaterally estopped from asserting an excessive force claim *in toto* because he plead guilty to resisting arrest).

[6] The Court notes this case has been pending since January 14, 2020, and the parties currently have jointly presented to the Court a proposed fourth amended scheduling order requesting the discovery deadline be extended to September 6, 2022, the dispositive motions deadline be extended to October 6, 2022, and a requested trial date on March 6, 2023. (Doc. 49.) To the extent this request is granted, because of limitations set forth in the Civil Justice Reform Act, no further extensions of time will be granted absent extraordinary circumstances, and the trial must be concluded before March 31, 2023.

the criminal proceedings against Mr. Fletcher; that denying a stay under these circumstances is the most effective use of judicial resources and in light of the Court's responsibility to manage its cases; and finally, the public's interest in adjudicating the constitutional violations alleged by Plaintiffs in this civil rights action. Accordingly, Defendants' motion to stay (Doc. 41) is **DENIED without prejudice**.

      **IT IS SO ORDERED**.

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: June 2, 2022